Parker, C. J.
The plaintiffs contend that the estate owned by them in Charlestown, which was assessed for state, county and town taxes in the years 1817 and ,1818, was, by force of the general tax acts for those years, wholly exempted from taxation ; and whether they are right or not, must depend upon the construction of those acts. The words are sufficiently comprehensive to exempt all estates of the several institutions named, wherever situated; and there would seem to be no intention to limit the exemption to the persons of the agents, or to the estates situated in the towns where the colleges are respectively situated; as has been argued by the counsel for the defendant. Probably the phraseology was adopted, to exclude from the exemption all such estates as were in the actual occupation of individuals by lease or otherwise so that they might be taxed therefor; and to confine it to such estates as were under *176 the management of the college officers, for the benefit of the col lege; or of agents, who, might be specially appointed to take the charge of them.
This intention seems to be made manifest from the proviso in the same acts, for the benefit of the town of Cambridge. If the college estates were not exempt, except those in the occupation of the president and the other officers named, there was no necessity of providing that Cambridge should have the privilege of assessing such as were without the college bounds, but within that town, in the" town tax only. But such is the provision, founded probably on the apprehension, that so much real estate might be owned by Harvard, College within the town of Cambridge, as, if the whole should be exempted, might subject the inhabitants of that town to a greater burden for municipal expenses, than other towns would be liable to. And the privilege, thus secured to Cambridge, being [ * 208 ] * limited to the town tax, carries with it a necessary implication that, by the general provisions of the act, there was no authority to assess such property within that town. And if not in that town, we perceive no reason for supposing that such property should be assessed in other towns.
The fact that the estate taxed in this case was included in the last valuation as taxable property, cannot vary the case. It produces an inconvenience, but cannot alter the law. The same difficulty would occur whenever a minister, or other person exempt from taxation, should purchase land in the town ; or if fire or other accident should destroy houses or other buildings, after a valuation.

Defendant defaulted,